File Name: 05a0197n.06
Filed: March 17, 2005

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 04-5102**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| LARRY D. BOWMAN, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SUHRHEINRICH, ROGERS, and COOK, Circuit Judges.

COOK, Circuit Judge. Larry Bowman appeals his conviction and sentence for being a felon in possession of a firearm. Because he fails to carry his burden to demonstrate plain error, we affirm his conviction. We vacate Bowman's sentence, however, because it violates the Sixth Amendment, and remand to the district court for resentencing.

I

At Bowman's trial, two Memphis police officers testified that Bowman failed to stop when they signaled for him to pull over. Instead, he made a right turn, pulled into a driveway, and then ran from the car. One of the officers chased Bowman and saw him drop several items on the ground. Another officer recovered the dropped items, including a gun. Bowman, on the other hand, testified

that he neither ran away nor dropped a gun. The jury found Bowman guilty of the charge and the court sentenced him in keeping with the Sentencing Guidelines, with a two-level enhancement for obstruction of justice.

## II

Because Bowman failed to preserve any of his alleged trial errors for appellate review, we review only for plain error using the well-known standard.

## A

The first trial error Bowman raises concerns a question the prosecutor asked during Bowman's cross-examination: "Did you have a gun somewhere else, did you leave a gun at home that day?" According to Bowman, this question was objectionable both under Evidence Rule 611(b) as exceeding the scope of cross-examination and under 404(b) as evidence of a prior bad act. The plain-error standard of review resolves this issue. Though arguably improper and prejudicial, we decline to exercise our plain-error-review discretion to correct the likely error in this questioning because it cannot be said to seriously affect the fairness, integrity or public reputation of judicial proceedings.

Officer Rouse testified at trial that he witnessed Bowman toss a gun to the ground during the chase. After apprehending Bowman, Officer Rouse and another officer returned to the location where Officer Rouse witnessed Bowman drop the gun and recovered it. In our view, Officer

Rouse's eyewitness testimony, "essentially uncontroverted," together with the recovery of the gun at a location consistent with the testimony, served as "overwhelming" evidence of Bowman's guilt. *Johnson v. United States*, 520 U.S. 461, 470 (1997). Accordingly, any error concerning the prosecutor's question does not impugn the fairness of judicial proceedings. *Id.*

B

Bowman next contends that the district court erred in failing to declare a mistrial or order his attorney, Mr. Crawford, to withdraw as counsel. The circumstances that prompt this claim occurred during a sidebar exchange with the district judge. Crawford approached the judge to discuss his belief that he might need to testify in Bowman's behalf about statements he overheard from a prosecuting witnesses—statements inconsistent with that police officer's trial testimony. The record of the exchange shows counsel requested neither a mistrial nor permission to withdraw. Instead, the exchange with the court seemed weighted toward Crawford soliciting ethical counsel from the court. When asked by the judge, "[W]hat do you want me to do?", Crawford responded, "I don't know."

In the absence of obvious circumstances compelling the court to have ordered a mistrial or withdrawal, Bowman fails to carry his burden to demonstrate plain error. *See United States v. Green,* No. 98-5931, 2000 WL 353640, at *5 (6th Cir. Mar. 29, 2000) (finding no plain error in failing to declare a mistrial where counsel did not request one and no case law existed presenting a "clear ground" for a mistrial); *see also Dotson v. Scotty's Contracting, Inc.*, 86 F.3d 613, 618 (6th

Cir. 1996) ("Judges are not mind readers, and they cannot normally be expected to divine a party's desires without being told what those desires are.").

C

Third, Bowman argues improper vouching by the prosecutor requires this court to reverse his conviction. The prosecutor told the jury in closing arguments that "if you believe the defendant's argument, you have to believe that three—actually four police officers took this stand and lied, perjured themselves, put their lives and their career on the line for this individual." This court found reversal unwarranted for similar improper vouching in *United States v. Martinez*, given that the judge instructed the jury that the prosecutor's statements were not evidence. 981 F.2d 867, 871 (6th Cir. 1992). Thus, although the prosecutor improperly vouched for the police officers' credibility, the ameliorating effect of the judge's instruction here precludes our determining that the error affected the defendant's substantial rights, as is necessary for correction of errors on plain-error review.

D

Bowman argues that the district court erred in instructing on constructive-possession when the government's theory of the case was that Bowman *actually* possessed the gun. That conflict, according to Bowman, might have led jurors to believe they could convict him using just his earlier admission that he *owned* a gun.

A district court should not give a constructive-possession instruction where the government presents evidence only of actual possession. *United States v. James*, 819 F.2d 674, 675-76 (6th Cir. 1987). But under the plain-error regime by which we judge this contention, we view the instruction as not affecting Bowman's substantial rights. In *James*, the court reversed the conviction because the constructive-possession instruction likely affected the verdict. *Id*. at 676. There, police officers testified that the defendant had a gun in his hand when they entered the bedroom. The defendant claimed he did not have a gun in hand, that the officers found the gun under a mattress, and that the gun belonged to the house's owner. *Id*. at 674–675. When the jurors asked whether they could convict only if the defendant had the gun in his hand, the trial judge read the constructive-possession instruction. The jury then found the defendant guilty. *Id*. at 675.

By contrast, this case lacks a factual basis for concluding that the constructive-possession instruction influenced the verdict and affected Bowman's substantial rights—it just was not an issue in this case. Neither Bowman nor the government suggested that Bowman had constructive possession of the gun police found on the ground. Officer Rouse testified that he saw Bowman, while running from the police, throw a gun onto the ground. Bowman denied owning the gun and running from police. Although Bowman admitted he owned a gun, the prosecutor never argued that Bowman should be convicted for possessing a gun other than the one police found. Because Bowman has not demonstrated the constructive-possession instruction affected the jury's verdict, it cannot warrant reversal under the standard for plain-error review.

III

In a Rule 28(j) letter brief to this court, Bowman argues that his sentence violated the Sixth Amendment in light of *United States v. Booker*, 125 S.Ct. 738 (2005), saying the district court impermissibly found the facts that underpinned the enhancement for obstruction of justice under the Guidelines.

Like the trial errors raised by Bowman for the first time on appeal, we review this claim for plain error, *United States v. Davis*, 397 F.3d 340, 346 (6th Cir. 2005), and find that our circuit precedents on the subject require resentencing.

First, the district court committed error that was plain because, considering the Guidelines mandatory, it enhanced Bowman's sentence beyond the maximum supported by the jury-found facts for obstruction of justice. *See Booker*, 125 S.Ct. at 756. To support the enhancement the court found Bowman committed perjury. While the jury's verdict implies that it did not believe Bowman's testimony, this does not amount to a perjury finding by the jury because willfulness is an essential element that was not put to them. *See* 18 U.S.C. § 1621. Thus the enhancement was plainly erroneous. Second, we now presume prejudice as to Guideline sentences imposed pre-*Booker* absent explicit record evidence to rebut that presumption. *United States v. Barnett*, 398 F.3d 516, 527 (6th Cir. 2005). Finally, sentencing under the "mandatory" Guidelines also warrants exercise of our discretion to correct the plain error, because such errors seriously affect the fairness, integrity, and public reputation of judicial proceedings. *Id.* at 530. We therefore vacate Bowman's sentence and remand for resentencing.

IV

For the foregoing reasons, we affirm Bowman's conviction, but vacate his sentence and remand for resentencing.

**SUHRHEINRICH, J., concurring**: I concur, but write separately to express two concerns.

First, the prosecutor's statement "Did you have a gun somewhere else, did you leave a gun at home

that day?" is *precisely* the type of evidence Rule 404 bars: "Evidence of *other crimes*, wrongs, or

acts is not admissible to prove the character of a person in order to show action in conformity

therewith." Fed. R. Evid. 404(b) (emphasis added). The potential for prejudicial error is especially

high here because the prior bad act–possession of a gun at home–satisfies one of the elements of the

crime charged in the indictment.

The indictment alleged simply that Bowman, having previously been convicted of a crime,

was in possession of a firearm "[o]n or about February 12, 2002, in the Western District of

Tennessee," but did not otherwise specify the details of that possession. At trial, the government

presented evidence only that Bowman possessed a gun while subject to a routine traffic stop. The

government did *not* present evidence Bowman possessed a gun "somewhere else" or "at home."

Thus, the jury in this case could have easily decided that Bowman's possession of a firearm

"somewhere else" or "at home" satisfied the second element of the crime of being a felon-in-

possession under 18 U.S.C. § 922(g) as charged in the indictment and convicted him on that basis

instead.[1] In short, it is impossible to tell whether the government's careless cross-examination

created a possibility that Bowman has been convicted of a crime not charged in the indictment and

---

[1]The elements of the felon-in-possession charge are "(1) that the defendant had a previous felony conviction, (2) that the defendant possessed a firearm, and (3) that the firearm had traveled in or affected interstate commerce." *United States v. Moreno*, 933 F.2d 362, 372 n.1 (6th Cir. 1991) (internal quotation marks and citation omitted).

proven at trial. Notwithstanding, I feel constrained to concur because Bowman does not meet the standard for reversal under plain error, for the reasons stated in the majority opinion. *Cf. United States v. Martin*, No. 03-2537, 2005 WL 465593, at *3 (6th Cir. Jan. 13, 2005) (affirming § 922(g) conviction on preserved claim of error where the prosecution also offered the testimony of one officer who testified that he saw the defendant toss the revolver to the side during the chase, and of another officer who testified that he retrieved the revolver, which matched the one observed by the first officer).

Second, while I agree with the majority that the prosecutor's improper vouching does not require reversal, at the same time I wish to convey my displeasure with the performance of the United States Attorneys and state prosecutors repeatedly making errors of this type. Since they obviously are not learning the difference between proper and improper closing arguments in law school, I request that the Department of Justice and state attorney general's offices conduct seminars on the topic and provide training to their attorneys. Perhaps then prosecutors will be able to avoid such needless errors in the future.